UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
:
**EVERDRY MARKETING &** :
**MANAGEMENT, INC.** :
:
: Case No.: 1:25-cv-10291
**Plaintiff,** :
:
v. :
:
**EVERDRY WATERPROOFING CORP.** :
**and RAFAEL DIAZ VASQUEZ** :
:
**Defendant.** :
------------------------------------------------------x

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff Everdry Marketing & Management, Inc. ("Plaintiff Everdry"), by and through counsel, brings this Complaint against Defendants Everdry Waterproofing Corp. and Rafael Diaz Vasquez, hereby states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff Everdry brings this action for violations of trademark law under 15 U.S.C. §1114(1) and 15 U.S.C. §1125(a), for unauthorized use of a registered trademark and for false designation of origin and unfair competition.

### JURISDICTION AND VENUE

2. This is an action arising under 15 U.S.C. §1114(1) and 15 U.S.C. §1125(a).

3. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §1331.

4. Defendants are subject to personal jurisdiction in New York, as the subject matter giving rise to this action occurred in Westchester County, New York, and one or more Defendants resides or has its principal place of business in Westchester County, New York.

5. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district.

## PARTIES

6. Plaintiff Everdry is an Ohio corporation which proves products and services related to basement and foundation waterproofing.

7. Upon information and belief, Defendant Everdry Waterproofing Corp. ("Defendant Everdry") is a New York corporation with a principal place of business at 500 Mamaroneck Ave., Harrison, NY, 10528, and advertising itself as holding Connecticut Home Improvement Registration Number HIC0700130.

8. Upon information and belief, Rafael Diaz Vasquez ("Defendant Vasquez") has a business address of 83 East Ave., Norwalk, CT 06851, and is the owner of Defendant Everdry; the State of Connecticut Home Improvement Contractor records list Defendant Vasquez as the registrant of the currently inactive license HIC.0700130.

## STATEMENT OF FACTS

9. Plaintiff Everdry is a leading waterproofing company that operated for more than 40 years and has developed a strong and loyal customer base due to its innovative methods and dedicated service in multiple locations, including Westchester County, NY.

10. Plaintiff Everdry's name and trademark are associated with the goodwill that Plaintiff Everdry has garnered over the decades.

11. Defendant Everdry is wholly unconnected to Plaintiff Everdry.

12. Defendant Everdry has solicited business in Westchester County, NY, using the name and trademarked logo of Plaintiff Everdry, by means including listing itself on the Networx.com home improvement contractor database and advertising that it is listed in the Connecticut Home Improvement license registration as license #HIC0700130.

13. Via the Networx database, Defendant Everdry has issued estimates for potential customers listing itself as "Everdry Waterproofing Corp." and using a copied-and-pasted image of Plaintiff Everdry's logo, thus misleading customers and potential customers while soiling Plaintiff Everdry's name and depriving it of potential business based on its goodwill and intellectual property.

**COUNT I – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

14. The preceding paragraphs incorporated by reference as if fully restated herein.

15. Plaintiff Everdry owns and uses distinctive trademarks, trade names, and/or trade dress (collectively, the "Plaintiff Marks") in connection with the marketing and sale of its goods and services.

16. Plaintiff has invested substantial time, effort, and resources in developing goodwill and consumer recognition in the Plaintiff Marks.

17. Defendant Everdry and Defendant Vasquez have wrongfully represented that they are or are affiliated with Plaintiff Everdry, by using in commerce marks, logos, names, or other designations that are identical or confusingly similar to the Plaintiff Marks in connection with the advertising, marketing, and/or sale of its goods and services.

18. Defendant Everdry and Defendant Vasquez have made the foregoing misrepresentations with the intent to deceive the public as to the source of the goods and/or services they are providing.

19. Defendants' unauthorized use of the Plaintiff Marks is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods or services.

20. The foregoing conduct of Defendant Everdry and Defendant Vasquez constitutes false designation of origin, false association, and unfair competition in violation of 15 U.S.C.§1125(a).

21. As a consequence of the foregoing, Plaintiff Everdry has suffered and will continue to suffer financial loss and irreparable harm for which there is no adequate remedy at law.

22. Plaintiff is entitled to injunctive relief, damages, Defendant's profits, enhanced damages, attorneys' fees and costs pursuant to 15 U.S.C. §§1116 and 1117.

## COUNT II – TRADEMARK INFRINGEMENT

23. The preceding paragraphs incorporated by reference as if fully restated herein.

24. Plaintiff Everdry is the owner of U.S. Trademark Registration Nos. 1,803,438 and 1,537,715 (the "Marks"), which are valid, subsisting, and incontestable.

25. Such valid, protectable Marks, including its name and logo, are used in commerce.

26. Without Plaintiff's authorization or consent, Defendant Everdry and Defendant Vasquez have used in commerce a reproduction, counterfeit, copy and/or colorable imitation of Plaintiff's Marks, and have solicited business using identical or confusingly similar marks, including both the Everdry Waterproofing name and logo of a water droplet on the run.

27. The likelihood of consumer confusion is substantial given that Defendant Everdry and Defendant Vasquez have copied and pasted Plaintiff Everdry's logo with no changes and

used it to advertise and/or solicit business in the same home improvement field in which Plaintiff Everdry operates.

28. Defendant's conduct constitutes trademark infringement in violation of 15 U.S.C. §1114(1).

29. As a consequence of the foregoing, Plaintiff Everdry has suffered and will continue to suffer irreparable harm and loss as a result of Defendant's conduct.

30. Plaintiff is entitled to injunctive relief, damages, Defendant's profits, enhanced damages, attorneys' fees and costs pursuant to 15 U.S.C. §§1116 and 1117.

## COUNT III – INJUNCTIVE RELIEF

31. The preceding paragraphs incorporated by reference as if fully restated herein.

32. By virtue of the foregoing, Plaintiff Everdry has demonstrated a likelihood of success on the merits and that a balance of the equities favors the issuance of a restraining order and injunction against Defendant Everdry and Defendant Vasquez.

33. Unless Defendant Everdry and Defendant Vasquez are temporarily, preliminarily, and permanently enjoined from the foregoing conduct, Plaintiff Everdry will be irreparably harmed in the following manner:

   a. Loss of goodwill and business reputation, and loss of confidence and trust of clients

   b. Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

34. Plaintiff Everdry is therefore entitled to a temporary restraining order, preliminary injunction, and permanent injunction to be issued immediately, enjoining Defendants, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of Defendant Everdry, until hearing and thereafter until further Order of this Court, from:

    a. Directly or indirectly competing with Plaintiff Everdry while using the Everdry Waterproofing name or logo or any name or logo that is substantially similar to the marks of Plaintiff Everdry;

    b. Using or misappropriating any and all of Plaintiff Everdry's registered trademarks, including but not limited to the running waterdrop logo;

    c. Any and all other such acts as this Court deems appropriate for injunctive relief.

35. Plaintiff Everdry has no adequate remedy at law and injunctive relief is necessary to prevent irreparable harm.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment:

A. Awarding compensatory damages against Defendants in an amount to be determined at trial;

B. Awarding Plaintiff injunctive relief against Defendants;

C. Awarding Plaintiff such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: December 5, 2025
New York, NY

        Respectfully Submitted,

        **CRISCIONE RAVALA, LLP**

        By: */s/ Galen J. Criscione*
        Galen J. Criscione, Esq.
        250 Park Avenue, 7th Floor
        New York, NY 10177
        Tel.: (212) 920-7142
        Fax: (800) 583-1787
        Email: Gcriscione@lawcrt.com